UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BCFS-HEALTH AND HUMAN SERVICES, a non-profit organization | No. 2:10-cv-02989-MCE-DAD |
| Plaintiff, | |
| v. | **TEMPORARY RESTRAINING ORDER** |
| JOHN A. WAGNER, in his Official Capacity as Director of the California Department of Social Services; MICHELE M. WONG in her Official Capacity as the Regional Manager for the Northern California Residential Program for the California Department of Social Services, | |
| Defendants. | |

----oo0oo----

The above matter came before the Court upon Plaintiff's Ex Parte Application, filed November 8, 2010, for entry of a Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction should not be issued. Following its review of the papers submitted on behalf of Plaintiff, the Court conducted a hearing at 11:00 a.m. on November 9, 2010.

1

1  Melissa A. Jones and Marc Koenigsberg appeared on behalf of
2  Plaintiff; Defendants were represented by Julie Weng-Gutierrez
3  and Niromi Pfeiffer.
4     The purpose of a temporary restraining order is to preserve
5  the status quo pending the complete briefing and thorough
6  consideration contemplated by full proceedings pursuant to a
7  preliminary injunction.  See Dunn v. Cate, 2010 WL 1558562 at *1
8  (E.D. Cal. 2010) ("A temporary restraining order is designed to
9  preserve the status quo until there is an opportunity to hold a
10 hearing on the application for a preliminary injunction").
11    Issuance of a temporary restraining order, as a form of
12 preliminary injunctive relief, is an extraordinary remedy, and
13 plaintiffs have the burden of proving the propriety of such a
14 remedy by clear and convincing evidence.  See Mazurek v.
15 Armstrong, 520 U.S. 968, 972 (1997); Granny Goose Foods, Inc. v.
16 Teamsters, 415 U.S. 423, 442 (1974).  In general, the showing
17 required for a temporary restraining order and a preliminary
18 injunction are the same.  Stuhlbarg Int'l Sales Co., Inc. v. John
19 D. Brush & Co., Inc., 240 F.3d 832, 839 (9th Cir. 2001).
20    As recognized by the Supreme Court in Winter v. Natural
21 Resources Defense Council, 129 S. Ct. 365 (2008), the party
22 requesting preliminary injunctive relief must show that "he is
23 likely to succeed on the merits, that he is likely to suffer
24 irreparable harm in the absence of preliminary relief, that the
25 balance of equities tips in his favor, and that an injunction is
26 in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d
27 1109, 1127 (9th Cir. 2009) (quoting Winter, 129 S. Ct. at 374.
28 ///

1   Alternatively, under the so-called sliding scale approach,
2 as long as the plaintiffs demonstrate the requisite likelihood of
3 irreparable harm and show that an injunction is in the public
4 interest, a preliminary injunction can still issue so long as
5 serious questions going to the merits are raised and the balance
6 of hardships tips sharply in Plaintiffs' favor.  <u>Alliance for
7 Wild Rockies v. Cottrell</u>, 2010 WL 3665149 at *4-8 (9th Cir.
8 Sept. 22, 2010) (finding that sliding scale test for issuance of
9 preliminary injunctive relief remains viable after <u>Winter</u>).
10   The propriety of a temporary restraining order, in
11 particular, hinges on a significant threat of irreparable injury
12 (<u>Simula, Inc. Autoliv, Inc.</u>, 175 F.3d 716, 725 (9th Cir. 1999))
13 that must be imminent in nature.  <u>Caribbean Marine Serv. Co. v.
14 Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).
15   Having considered the documents presented, and after hearing
16 arguments of counsel, the Court finds that Plaintiff has
17 demonstrated a significant threat of irreparable injury.  First,
18 the children housed in Plaintiff's Fairfield, California facility
19 may be harmed if they are transferred to alternative
20 accommodations in Washington or Illinois- a process that could
21 severely impact both their educational interests and
22 psychological well-being.  Moreover, such transfer could derail
23 the children's pending immigration proceedings and reunification
24 efforts, all of which could literally have to begin anew if they
25 are transferred to distant states.
26 ///
27 ///
28 ///

1  Secondly, with respect to Plaintiff's own financial losses
2  stemming from closure of the subject facility, such losses are
3  likely uncompensable, should closure proceed as dictated by
4  Defendants, given the protections afforded by sovereign immunity
5  under the Eleventh Amendment.
6     The Court further believes that the other factors which must
7  be scrutinized in assessing the availability of preliminary
8  injunctive relief also weigh in favor of granting a temporary
9  restraining order at this juncture.  Given what appears, at least
10 on the basis of Plaintiff's papers, to be valid preemption
11 concerns stemming from a clear conflict between federal and state
12 regulations applicable to the subject facility, the Court
13 believes that the requisite likelihood of success has been
14 demonstrated.  In addition, the balance of hardships tips
15 squarely in Plaintiff's favor given the imminent transfer of the
16 children being housed to distant states should such transfer
17 occur by November 10, 2010 as Plaintiff alleges, along with the
18 impact on the children should such transfer occur as discussed
19 above.  Finally, the public interest would appear to be served by
20 preserving the status quo until the matter can be fully briefed
21 and argued by way of preliminary injunction.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

1   Plaintiff's Ex Parte Application for Temporary Restraining
2  Order (ECF No. 5) is consequently GRANTED.  It is hereby ordered
3  as follows:
4      1.   A Temporary Restraining Order shall be issued
5  immediately.  Defendants, their officers, representatives, and
6  all persons acting on their behalf, and all of them
7  ("Defendants") are hereby enjoined and restrained, directly or
8  indirectly, whether acting alone or in concert with others, from
9  taking any action to shut down the Fairfield, California facility
10 at issue in this litigation.  The status quo shall thereby be
11 maintained and Plaintiff shall be permitted to continue to
12 lawfully operate said facility pending the Court's decision on
13 Plaintiff's request for a preliminary injunction.
14     2.   This Order shall remain in full force and effect for a
15 period not to exceed fourteen (14) days, absent an order from the
16 Court otherwise.  A hearing on Plaintiff's request for a
17 preliminary injunction is scheduled for **November 19, 2010 at**
18 **10:00 a.m.**  Opposition to Plaintiff's request for injunctive
19 relief in that regard shall be filed by Defendants not later than
20 **November 12, 2010.**  Plaintiff's reply, if any, is due on
21 **November 16, 2010.**
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3. No bond will be required because the Court finds, under the circumstances present, no likelihood of harm to Defendants from implementation of this Order.

IT IS SO ORDERED.

Dated this 9th day of November, 2010, at 2:00 p.m. in Sacramento, California.

Dated: November 9, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE